**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000373
13-JUN-2014
08:33 AM**

NO. CAAP-11-0000373

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JASMINE K. LOPEZ, Defendant-Appellant.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 08-1-1654)


MEMORANDUM OPINION
(By: Nakamura, C.J., and Ginoza, J.
with Fujise, J., dissenting separately)

Defendant-Appellant Jasmine K. Lopez (Lopez) appeals from an "Order Denying Motion for Reconsideration of Sentence"[1] entered on April 21, 2011, in the Circuit Court of the First Circuit (circuit court).[2] Pursuant to a plea agreement,[3] Lopez plead guilty to violating Hawaii Revised Statutes (HRS) § 291C-12.5 (2007) (Accidents Involving Substantial Bodily Injury).[4]

---

[1] Lopez filed for reconsideration pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 35.

[2] At various points in this matter, the Honorable Michael A. Town, Edwin C. Nacino, and Michael D. Wilson presided.

[3] The plea agreement allowed Lopez to plead to the lesser included offense of Accidents Involving Substantial Bodily Injury, a class C felony, instead of the charged offense of Accidents Involving Death or Serious Bodily Injury, a violation of HRS § 291C-12 (2007), a class B felony. The parties reached no agreement as to sentencing.

[4] HRS § 291C-12.5 provides in pertinent part:
§291C-12.5. Accidents involving substantial bodily
(continued...)

Lopez requested a deferred acceptance of guilty plea (DAG), which was denied by the circuit court, both initially and on reconsideration.  Lopez was sentenced to five (5) years probation subject to terms and conditions including, *inter alia*, a term of imprisonment of sixty (60) days and various fines and assessments.

On appeal, Lopez asserts that the circuit court erred because it denied her a DAG on the incorrect basis that HRS § 853-4(2)(A) (2012 Supp.)[5] precluded a DAG for the HRS § 291C-12.5 offense.

During the course of this case, Plaintiff-Appellee State of Hawai'i (State) has taken inconsistent positions as to whether Lopez is eligible for a DAG.  The State did not initially contest Lopez's eligibility for a DAG.  Subsequently, during proceedings on Lopez's motion to reconsider her request for a DAG, a new deputy prosecuting attorney appeared in the case and argued that HRS § 853-4(2)(A) precluded a DAG for the offense in this case.  On appeal, the State has again reversed course, now taking the position that a DAG was not precluded by HRS § 853-4(2)(A).  However, the State asserts, for the first time, that because the circuit court imposed sixty days of jail time, it would be "fundamentally inconsistent" to allow a DAG when one of the requirements for a DAG under HRS § 853-1(a) (1993) is that "[t]he ends of justice and the welfare of society do not require

---

[4] (...continued)
> injury. (a) The driver of any vehicle involved in an accident resulting in substantial bodily injury to any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until the driver has fulfilled the requirements of section 291C-14. Every such stop shall be made without obstructing traffic more than is necessary.
>
> (b) Any person who violates subsection (a) shall be guilty of a class C felony.

[5]  HRS § 853-4(2)(A) was renumbered and is now HRS § 853-4(a)(2)(A), effective as of April 25, 2013.  2013 Haw. Sess. Laws Act 53, §§ 1 and 4, at 94 and 96.

that the defendant shall presently suffer the penalty imposed by law."

We conclude that Lopez's offense under HRS § 291C-12.5 is eligible for a DAG. We also conclude that the State's argument under HRS § 853-1(a), which was not raised in the circuit court, has been waived in this case and we need not address it.

However, because it is unclear from the record why the circuit court denied Lopez's request for a DAG, we remand for further proceedings consistent with this opinion.

## I. Proceedings Below

Pursuant to a plea agreement, Lopez plead guilty to violating HRS § 291C-12.5. As part of her plea form filed on May 25, 2010, Lopez moved for a DAG.

At an August 24, 2010 hearing on Lopez's sentencing, the circuit court[6] heard argument and engaged in a colloquy with Lopez before accepting her guilty plea and sentencing her to *inter alia* probation and sixty days in jail to commence forthwith. The circuit court thereby implicitly denied Lopez's motion for a DAG, but also *sua sponte* invited Lopez to file a motion for reconsideration on the DAG and immediately scheduled a hearing for such a motion.[7] Lopez filed her Motion for Reconsideration of Sentence (Motion for Reconsideration) pursuant to HRPP Rule 35 on November 10, 2010.

On February 22, 2011, a hearing was held on Lopez's Motion for Reconsideration and for a further review hearing.[8] At this hearing, the court and the parties addressed a review report by Lopez's probation officer and there was lengthy discussion as to whether Lopez was abiding by the terms of her probation. Also

---

[6] The Honorable Michael A. Town presided.

[7] Judge Town also acknowledged that he would be retiring from the bench effective October 1, 2010, and that this subsequent hearing would be held before a different judge.

[8] The Honorable Edwin C. Nacino presided.

3

at this hearing, the State questioned for the first time Lopez's statutory eligibility for a DAG, asserting that a DAG was precluded by the plain language of HRS § 853-4(2)(A). After a discussion with counsel regarding Lopez's statutory eligibility for a DAG, the circuit court continued the matter to allow the parties to file briefs on the issue. Only Lopez filed further briefing.

On March 22, 2011, another hearing was held on Lopez's Motion for Reconsideration and for a further review hearing. After argument by the parties, the circuit court[9] stated that it would take the matter under advisement. The court also had this further discussion on the record:

> THE COURT: Anything further, Mr. Choy? I'll let you know by Friday.
>
> MR. CHOY: Question, Judge, if the Court determines there is statutory eligibility would we then have to argue eligibility for this person or --
>
> THE COURT: You mean statutorily eligibility under the deferral statute?
>
> MR. CHOY: Right.
>
> THE COURT: I'll let you know after I reach a conclusion as to whether or not the deferral is legally available. But I would be inclined to probably grant a deferral if there was a legal basis for it.

(Emphasis added.)

On April 21, 2011, the circuit court issued an order denying Lopez's Motion for Reconsideration. The order does not indicate the basis for denying the Motion for Reconsideration and thus it is unclear if the court in fact determined that HRS § 853-4(2)(A) precluded a DAG for Lopez's HRS § 291C-12.5 offense.

## II. Standard of Review

This case requires us to determine the applicability of HRS § 853-4(2)(A) to a violation of HRS § 291C-12.5. Issues of statutory interpretation are reviewed *de novo*. Lingle v. Hawai'i

---

[9] The Honorable Michael D. Wilson presided.

Gov't Emps. Ass'n, 107 Hawai'i 178, 183, 111 P.3d 587, 592 (2005).

### III. Discussion

Lopez argues that the circuit court erred in denying her Motion for Reconsideration because she is eligible for a DAG under HRS § 853-1 (1993 and 2011 Supp.) and a DAG was not precluded under HRS § 853-4(2)(A). As noted earlier, the State now agrees that HRS § 853-4(2)(A) does not prevent Lopez from being eligible for a DAG, but instead argues that allowing a DAG would be inconsistent with the circuit court having sentenced Lopez to sixty days confinement given the requirements under HRS § 853-1.

We agree with the parties that HRS § 853-4(2)(A) does not statutorily preclude a DAG for Lopez's HRS § 291C-12.5 offense. HRS § 853-4(2)(A) states:

> **§853-4 Chapter not applicable; when.** This chapter shall not apply when:
>
> . . . .
>
> (2) The offense charged is:
>
> (A) A felony that <u>involves the intentional, knowing, or reckless bodily injury, substantial bodily injury, or serious bodily injury of another person</u>[.]

(Emphasis added.) The felony in this case is the violation of HRS § 291C-12.5, which states in pertinent part:

> **§291C-12.5. Accidents involving substantial bodily injury.** (a) The driver of any vehicle <u>involved in an accident resulting in substantial bodily injury</u> to any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until the driver has fulfilled the requirements of section 291C-14.

(Emphasis added.)

When construing a statute,

> our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. And we must read statutory language in the context of

5

> the entire statute and construe it in a manner
> consistent with its purpose.

Lingle, 107 Hawai'i at 183, 111 P.3d at 592 (quoting Guth v. Freeland, 96 Hawai'i 147, 150, 28 P.3d 982, 985 (2001)); see HRS §§ 1-15, 1-16 (2009).

In our view, HRS § 853-4(2)(A) is properly construed as precluding a DAG for a felony that involves "intentional, knowing, or reckless" conduct that causes "bodily injury, substantial bodily injury, or serious bodily injury." Stated another way, although the level of the injury is also important, HRS § 853-4(2)(A) encompasses felonies that involve the causing of the injury with the specified mens rea, i.e. "the intentional, knowing, reckless . . . injury . . . of another." Our interpretation is consistent with and supported by HRS § 853-4(1), the immediately preceding section, which precludes a DAG when "[t]he offense charged involves the intentional, knowing, reckless, or negligent killing of another person." Also consistent with our view, this court has previously held that, where an injury is caused by negligent conduct, HRS § 853-4(2)(A) did not apply. See Andrews v. State, 127 Hawai'i 241, 277 P.3d 335, No. 29951, 2012 WL 1764079, at *3 (App. May 17, 2012) (SDO) (holding that HRS § 853-4(2)(A) does not preclude a deferred acceptance of a no contest plea for the offenses of Negligent Injury In the First Degree in violation of HRS § 707-705 (1993) and Accidents Involving Death or Serious Bodily Injury in violation of HRS § 291C-12 (2007), because both offenses involved negligent serious bodily injury).

In turn, HRS § 291C-12.5 does not require intentional, knowing or reckless conduct to have caused the substantial bodily injury referenced in that offense. Rather, it involves "an accident resulting in substantial bodily injury to any person[.]" (Emphasis added.) In State v. Chen, 77 Hawai'i 329, 884 P.2d 392 (App. 1994), this court construed HRS § 291C-12(a), which is identical with HRS § 291C-12.5(a), except that it involves "serious bodily injury" or "death" of a person. Pertinent to

6

this case, <u>Chen</u> explained that an offense under HRS § 291C-12(a) does not require that the defendant's conduct caused the injury or death.

> On the other hand, Count I called for proof beyond a reasonable doubt that Defendant was "involved in an accident resulting in death." <u>Count I, then, did not necessitate proof that "but for" Defendant's conduct, the death would not have been caused</u>, but only proof that the vehicle Defendant was driving was a "vehicle involved in an accident [which] result[ed] in injury ... or death." HRS § 291C-12(a). <u>On its face, the statute's express language does not mandate that the defendant driver or his vehicle "cause" the accident or "cause" injury or death, to be considered "involved" in the requisite accident. Accordingly, criminal liability under HRS § 291C-12(a) does not require proof that the driver of a vehicle caused injury to or death of a person, but only that the accident the driver was involved in resulted in injury to or death of any person</u>.

77 Hawai'i at 336, 884 P.2d at 399 (emphasis added). <u>Chen</u> further noted that "[t]he statutory language is broad, hinging criminal liability for failing to give information and to render aid on involvement in the incident." <u>Id.</u> at 337, 884 P.2d at 400.

Because a defendant's conduct need not have caused the "accident" or the "substantial bodily injury" under HRS § 291C-12.5, being "involved in an accident resulting in substantial bodily injury" is an attendant circumstance for the HRS § 291C-12.5 offense. <u>See</u> <u>State v. Wheeler</u>, 121 Hawai'i 383, 392, 219 P.3d 1170, 1179 (2009) ("[A]n attendant circumstance is essentially a circumstance that exists independently of the actor's conduct." (internal quotation marks and brackets omitted)).

Therefore, given our interpretation of the statutes, HRS § 853-4(2)(A) does not exclude Lopez from being eligible for a DAG for her HRS § 291C-12.5 offense.

Further, as noted above, we need not address the State's most recent position, that in light of the circuit court's imposition of sixty days incarceration it would be "fundamentally inconsistent" to allow a DAG given the requirements for a DAG under HRS § 853-1(a). This argument was

not raised in the circuit court and has been waived in this case. Even assuming that it has not been waived, the State's argument lacks merit because HRS 853-1(b) permits a court to grant a DAG upon any of the conditions of probation specified in HRS § 706-624 (2011 Supp.), which may include a term of imprisonment not exceeding one year for a class C felony case.  See HRS § 706-624(2)(a).

Finally, as noted earlier, the basis for the circuit court's denial of Lopez's Motion for Reconsideration is unclear from its order.  During the various hearings, in addition to whether Lopez was statutorily eligible for a DAG, there was much discussion as to whether a DAG was appropriate for Lopez even if legally available.  Thus, notwithstanding the circuit court's stated inclination at the March 22, 2011 hearing that the court would "probably grant a [DAG] if there was a legal basis for it," we must remand for further proceedings.

### IV. Conclusion

For the foregoing reasons, we vacate the Order Denying Motion for Reconsideration of Sentence entered on April 21, 2011 by the Circuit Court of the First Circuit, and remand for further proceedings consistent with this opinion.

DATED:  Honolulu, Hawai'i, June 13, 2014.

On the briefs:

Glenn D. Choy,
for Defendant-Appellant

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee

Chief Judge

Associate Judge

8